United States District Court
for the
Southern District of Florida

| | |
|---|---|
| MSP Recovery Claims Series LLC, Plaintiff, | ) ) ) ) |
| v. | ) ) Civil Action No. 22-22479-Civ-Scola ) |
| State Farm Mutual Automobile Insurance Company, Defendant. | ) ) ) |

### Order of Dismissal

This matter is before the Court on the motion to dismiss filed by the Plaintiff, MSP Recovery Claims Series LLC ("MSP Recovery") (Mot. Dismiss, ECF No. 39), and the motion for summary judgment filed by the Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"). (Mot. Summ. J., ECF No. 36.) Both motions are fully briefed; State Farm has responded to the motion to dismiss (Resp., ECF No. 40), MSP Recovery has replied (Reply, ECF No. 41), and MSP Recovery chose to file its motion to dismiss rather than respond to the motion for summary judgment. Having reviewed the briefing, the record, and the relevant legal authorities, the Court **grants in part** the Plaintiff's motion to dismiss (**ECF No. 41**), dismisses this action with prejudice, and therefore **denies as moot** the Defendant's motion for summary judgment. (**ECF No. 36**.)

Before addressing the motions, the Court must briefly review the procedural history of this case. This action is an effort by MSP Recovery to collect damages from State Farm, a Medicare primary payer, on behalf of a Medicare secondary payer under the Medicare Secondary Payer ("MSP") Act. (Compl. ¶¶ 2-7, 10-30, ECF No. 1-1.) State Farm removed this matter to federal court based on federal question jurisdiction. (Not. Removal, ECF No. 1.) Following discovery, State Farm moved for summary judgment based on evidence it provided demonstrating that "State Farm properly paid bills submitted by the [medical] providers, denied a duplicative bill, and had no obligation to pay duplicative bills submitted to State Farm by Plaintiff." (Mot. Summ. J. at 7.)

Rather than responding to the motion for summary judgment, MSP Recovery moved to dismiss its own complaint under Federal Rule of Civil Procedure 41(a)(2), seeking a dismissal "without prejudice and on such terms and conditions as the Court deems proper." (Mot. Dismiss at 1.) State Farm, in turn, indicated that it does not oppose dismissal but seeks "recovery of its

attorneys' fees spent defending the unique aspects of this case." (Resp. at 3.) MSP Recovery opposes such an imposition of attorneys' fees, arguing that the evidence demonstrating it lacked the right to recover was in State Farm's hands the whole time, so State Farm's costs were incurred by its own doing. (Reply at 3-4.)

A court may grant a plaintiff's motion to dismiss its own case "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A court should allow a plaintiff to dismiss its own case "unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit." *Fisher v. Puerto Rico Marine Mgmt., Inc.*, 940 F.2d 1502, 1502–03 (11th Cir. 1991). But "voluntary dismissal without prejudice is not a matter of right"; rather, the Court must "keep in mind the interests of the defendant" in determining whether dismissal is appropriate. *Id.*

Dismissal without prejudice would not sufficiently protect State Farm under these circumstances. *See id.* As MSP Recovery itself observes in its reply, it has now "confirmed State Farm made the necessary payments for the medical expenses at issue in this case." (Reply at 1.) And State Farm has expended resources litigating this matter and demonstrating the invalidity of the claims in the complaint, which MSP Recovery now admits. (Resp. at 3-4, Reply at 1.) Dismissal without prejudice, therefore, would not be appropriate: the parties have both stated their positions, in their briefing papers, that this matter has been fully resolved because State Farm in fact paid the underlying claims at issue for which it was responsible. The Court grants the motion to dismiss but, because the parties have affirmatively stated that State Farm has fulfilled the obligations referenced in the complaint, the dismissal is made with prejudice. *See e.g., Martin v. Allied Interstate, LLC*, 192 F. Supp. 3d 1296, 1300-01 (S.D. Fla. 2016) (Scola, J.) (observing that "only a dismissal with prejudice would be appropriate" where the plaintiff moved to dismiss her case after "extensive discovery" and with a pending, "fully briefed motion for summary judgment" because the Court "fears that the Plaintiff is using this dismissal to escape . . . a ruling against her on the merits.").

Finally, the Court declines to award State Farm its attorneys' fees. Neither party appears to have acted with any particular diligence to resolve this suit appropriately. MSP Recovery does not seem to have conducted as thorough a pre-suit investigation as it should have. (Resp. at 2.) State Farm, on the other hand, appears to have withheld evidence that it had on hand proving it made the appropriate payments until late in the discovery period, rather than providing it in response to the Plaintiff's pre-suit requests or during initial disclosures. (Reply at 3-4.) Both parties, therefore, lie in a bed of their own

making. The Court does not find an award of attorneys' fees to be appropriate under these circumstances.

Accordingly, the Court **grants in part** the Plaintiff's motion to dismiss and **dismisses** this matter **with prejudice**. (**ECF No. 39**.) The Court therefore also **denies as moot** the Defendant's motion for summary judgment. (**ECF No. 36**.) The Court **directs** the Clerk to **close** this matter. Any pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on May 31, 2023.

_____
Robert N. Scola, Jr.
United States District Judge